838 F.2d 466
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley B. GIST, Plaintiff-Appellant,
v.
UNION COUNTY DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.
Shirley B. GIST, Plaintiff-Appellee,
v.
UNION COUNTY DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellant.
 Nos. 87-3601, 87-3604.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1987.
Decided Jan. 25, 1988.
 
 Joseph L. Smalls, Jr., Law Offices of Pyatt & Smalls on brief for appellant.
 Charles T. Speth, II, Wade E. Ballard, Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards on brief for appellee.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Shirley Gist appeals from the district court's order entering summary judgment against her on her employment discrimination claims. Her employer appeals from the court's order to the extent it refused to award attorney fees expended in defending some of Gist's claims. We affirm the judgment of the district court.
 
 
 2
 * Gist began working for the Union County Department of Social Services (UCDSS) as a case worker in 1971. She received promotions in 1974 and 1976 and has achieved the present position of social services supervisor II. During her employment with UCDSS, Gist has worked in the human services division of UCDSS and has not held a position in the economic services division.
 
 
 3
 In May 1984, the position of director of UCDSS became vacant. Gist and 18 other persons sought to be appointed to this position. The county board of social services conducted personal interviews with the top three candidates: Gist, a black female; Ms. White, a white female; and Mr. Bost, a white male. All were asked the same questions and all received the opportunity to make any statements they wished in support of their applications.
 
 
 4
 After the interviews, the board met in executive session to discuss the applications and elect the new director. Bost did not receive a nomination. Both White and Gist were nominated and seconded for the job. When one board member noted the presence of two motions on the floor, Gist's nomination was withdrawn. The board then voted on White's nomination. The board members divided three to three, requiring the chairman to cast the deciding vote. The chairman voted for White on the basis of her experience in both the economic and human services divisions of UCDSS.
 
 
 5
 In October 1984, Gist filed state and federal administrative complaints alleging employment discrimination. She received a right-to-sue letter from the Equal Employment Opportunity Commission on September 24, 1986. On December 16, 1986, Gist filed this action against UCDSS under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Secs. 1981, 1983, and 1988. Gist contended that the board did not appoint her because of her race. She sought damages, declaratory and injunctive relief, and attorney fees. UCDSS moved for summary judgment and requested the court to award it attorney fees.
 
 
 6
 The district court determined that UCDSS is an alter ego of the State of South Carolina and that Gist's section 1981 and 1983 claims therefore were barred by the eleventh amendment. Gist does not appeal from this determination. The court also held that Gist failed both to establish a prima facie case of discrimination and to demonstrate that the reasons given by UCDSS for its decision constituted a pretext for discrimination. The court therefore granted summary judgment for UCDSS on Gist's Title VII claim. The court assessed costs against Gist but did not award UCDSS attorney fees.
 
 II
 
 7
 Gist contends that the district court erred in entering summary judgment for UCDSS on her Title VII claim. Gist states that she possessed more years of supervisory experience and total experience with UCDSS than the other candidates. She also notes that several board members had not been aware that White was once on internal probation for allegedly falsifying UCDSS documents. Gist contends that these facts demonstrate that the board failed both to conduct any meaningful review of the candidates' applications and to adhere to UCDSS policy of promoting the most qualified candidate. Gist argues that these facts together raise an inference of unlawful discrimination that establishes a prima facie case.
 
 
 8
 Gist's contentions cannot withstand analysis in light of Holmes v. Bevilacqua, 794 F.2d 142 (4th Cir.1986) (en banc). In Holmes, we articulated a four-part test for establishing a prima facie case of discrimination in cases such as this one. Where several candidates apply for a position but only one candidate is selected, an aggrieved candidate must show 1) that he belongs to a protected class; 2) that he applied for and was qualified for the position; 3) that he was rejected despite his qualifications; and 4) that some evidence exists that race was a determining factor in the employer's decision. 794 F.2d at 146-47.
 
 
 9
 The record in this case is devoid of evidence that Gist's race was a determining factor in the board's decision not to appoint her. The chairman, who cast the decisive vote, stated his belief that White's experience in both areas of UCDSS operations made her the most qualified candidate. Moreover, those board members who nominated and seconded Gist for the position stated that race played no factor in the board's decision. We conclude that Gist failed to establish a prima facie case of discrimination under Holmes. The district court therefore properly entered summary judgment for UCDSS on the Title VII claim. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-53 (1986).
 
 III
 
 10
 UCDSS contends that the district court erred in refusing to award UCDSS those attorney fees it expended in defending Gist's section 1981 and 1983 claims. UCDSS argues that when Gist filed these claims, existing law established that the eleventh amendment barred the claims. UCDSS therefore contends that the court should have awarded attorney fees either against Gist under 42 U.S.C. Sec. 1988 or against Gist or her attorney under Federal Rule of Civil Procedure 11.
 
 
 11
 In a section 1981 or 1983 action, the district court may award attorney fees to a defendant when the plaintiff's action is "meritless in the sense that it is groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980). Under Rule 11, the court can grant attorney fees as a sanction against a plaintiff or his attorney if a reasonable prefiling investigation would have revealed that the complaint was not warranted by existing law. The district court neither found Gist's claims were meritless nor found that Gist's attorney failed to conduct a reasonable investigation into the factual or legal basis of the complaint.
 
 
 12
 The decisions relied upon by UCDSS, Culler v. South Carolina Department of Social Services, 33 F.E.P. Cases 1590 (D.S.C.1984); and Coffin v. South Carolina Department of Social Services, 562 F.Supp. 579 (D.S.C.1983), held only that the eleventh amendment barred suit against the state department of social services. UCDSS cites no case that had decided authoritatively, prior to this lawsuit, that the eleventh amendment barred all suits against a county board of social services. Because we cannot say that Gist's complaint was clearly groundless or without legal basis at the time it was filed,* we conclude that the district court properly refused to award attorney fees to UCDSS. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).
 
 
 13
 AFFIRMED.
 
 
 
 *
 We do not decide whether the district court correctly determined that UCDSS is an alter ego of the State of South Carolina and therefore immune from suit under the eleventh amendment. Because Gist did not appeal from the order entering summary judgment on her section 1981 and 1983 claims, this issue is not before us